a

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 26 2016

TONY R. MOORE CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASON ALFRED, | CIVIL ACTION NO. 1:15-CV-2812; |
| Plaintiff | SECTION "P" |
| | |
| VERSUS | CHIEF JUDGE DRELL |
| | |
| MARKSVILLE PARISH JAIL, ET AL., | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendant | |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Jason Alfred (#262546) filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Louisiana on November 9, 2015. (Doc. 1). The case was transferred to the Western District of Louisiana on December 9, 2015. (Doc. 6). In response to an order of deficiency dated December 14, 2015 (Doc. 8), Plaintiff filed an amended complaint (Doc. 10) and a motion for leave to proceed *in forma pauperis* (Doc. 11). Plaintiff was granted leave to proceed *in forma pauperis* on January 14, 2016 (Doc. 16). On January 22, 2016, Plaintiff was ordered to amend his complaint. (Doc. 17). Plaintiff submitted medical and administrative documents in response to the amend order on February 18, 2016. (Doc. 18).

Plaintiff is currently incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. He complains that he was subjected to excessive force and denied medical care while he was incarcerated in Marksville, Louisiana. Plaintiff names as

defendants the Marksville Parish Jail, the Marksville Parish Police Jury, Captain Socha, the warden's secretary, and the main control dispatchers.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Factual Allegations

In his original complaint, Plaintiff alleges that, on an unspecified date, Captain Socha of the Marksville Parish Jail slammed Plaintiff's head to the concrete while Plaintiff was restrained. Plaintiff alleges that he received no medical treatment following the assault. (Doc. 1).

Plaintiff was ordered to amend his complaint to state: (1) the name(s) of EACH person who allegedly violated Plaintiff's constitutional rights; (2) a description of what actually occurred AND what EACH defendant did to violate Plaintiff's rights; (3) the place and date(s) that EACH event occurred; and, (4) a description of the injury sustained as a result of EACH alleged violation. (Doc. 17). Plaintiff did not provide the information as ordered, but he submitted copies of medical requests from David Wade Correctional Center and a Request for Administrative Remedy regarding the incident. (Doc. 18).

In his request for administrative relief, Plaintiff alleges that he was assaulted by Captain Socha on February 3, 2015, during or after a disciplinary hearing related to allegations that Plaintiff was stealing "mental health medicine." (Doc. 18, p. 1).

2

Plaintiff's administrative request indicates that cameras and several witnesses observed the incident. (Doc. 18, p. 1). It also indicates that Plaintiff was allegedly dragged to a cell and denied medical treatment from February 8, 2015 through March 3, 2015. (Doc. 18, p. 1). Plaintiff does not state to whom his requests for medical care were made or who rejected the requests. The requests for treatment that he submitted to the Court on February 18, 2016, are from a different facility and dated after the time period in question.

## Law and Analysis

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### 1. Marksville Parish Jail

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the

Constitution or other law of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 17(b) provides that the capacity to sue or be sued shall be determined by the law of the state in which the district court is located. Thus, Louisiana law governs whether the Marksville Parish Jail is an entity that has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. Jails are not "persons" subject to liability under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). A parish jail is "not an entity, but a building." Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); Dale v. Bridges, No. 3:96–CV–3088–AH, 1997 WL 810033 at *1 n. 1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not an entity capable of being sued). Thus, Plaintiff cannot state a claim against the Marksville Parish Jail.

### 2. Police Jury, Warden's secretary, and Dispatchers

Plaintiff also names as defendants the "Marksville Parish Police Jury," the warden's secretary, and the main dispatchers. First, there is no such entity as the "Marksville Parish Police Jury." To the extent that Plaintiff seeks to present a claim against the Avoyelles Parish Police Jury, his claim fails. Plaintiff has provided no factual allegations against the police jury. Likewise, Plaintiff provided no factual

4

allegations against the warden's secretary or the dispatchers. Plaintiff was afforded an opportunity to amend his complaint to present factual allegations against each named defendant. He was specifically ordered to state what each defendant did to violate Plaintiff's constitutional rights. Plaintiff failed to present any allegations involving the police jury, secretary, or unnamed dispatchers. Without a specific allegation of a constitutional violation by a named defendant, the plaintiff's claims are frivolous and otherwise fail to state a claim for which relief can be granted. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights claims be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A as to the Marksville Parish Jail, the Marksville Parish Police Jury, the warden's secretary, and the main control dispatchers. Service of process will be ordered as to Captain Socha in a separate order.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection

5

to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25 day of February, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge